FILED
SUPERIOR COURT
OF GUAM

2018 JAN 10 AM 11: 25

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>HAMILTON SIREN aka Mokut Serengaw aka Brian Erwin aka Tefo Castro aka Siren Serengaw aka Ketemen Mera,<br><br>Defendant. | CRIMINAL CASE NO. CF0699-17<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on January 8, 2018, for hearing on Defendant HAMILTON SIREN aka Mokut Serengaw aka Brian Erwin aka Tefo Castro aka Siren Serengaw aka Ketemen Mera's ("Defendant") Motion and Application for Bail Redetermination. Defendant was present with counsel Assistant Public Defender Alisha L. Molyneux, and Assistant Attorney General Thomas R. Neuman was present on behalf of the People of Guam ("the Government"). In accord with its ruling from the bench on January 8, 2018, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

## BACKGROUND

On December 21, 2017, Defendant was indicted with the following charges: (1) Family Violence (As a Third Degree Felony); and (2) Assault (As a Misdemeanor). (Indictment, Dec. 21, 2017). These charges stem from allegations that Defendant kicked open a bedroom door

*People v. Siren*
Case No. CF0699-17
Decision and Order

and proceeded to strike Lovely Siren (Victim 1) with his fists, attempted to stab her with a kitchen knife and slammed her head into the wall. (Decl. of Debrah Ann M. Retuyan, Magistrate's Compl., Dec. 13, 2017). Defendant left the bedroom and then later returned and struck Victim 1 in the head and face and kicked her in the stomach. *Id.* Defendant is also alleged to have struck Onela Aisek's (Victim 2) shoulder with his fists closed. *Id.*

On December 21, 2017, Defendant filed the instant motion. On January 4, 2018, the Government filed its Opposition.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance. *See generally*, Mot. Bail Redetermination, Dec. 21, 2017.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged, including:
    (i)    length of his/her residence on Guam;
    (ii)    his/her employment status and history, and financial condition;
    (iii)    his/her family ties and relationships;
    (iv)    his/her reputation, character and mental and physical condition;
    (v)    his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;
    (vi)    his/her history relating to drug or alcohol abuse;
    (vii)    the identity of the reasonable members of the community who will vouch for his/her reliability;
    (viii)    whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing,

appeal or completion of sentence of an offense under Federal, state or local law; and

    (ix)  his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(d) release of the person during working hours, but with the condition that he return to custody at specific times; or

(e) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with the safety of the community and whether Defendant will appear in court when required. The Court recognizes the serious nature of the offenses charged, along with the possibility of

conviction and the likely sentence. Defendant faces charges stemming from a very dangerous situation where he allegedly kicked in a door and took multiple steps in attacking Victim 1. Defendant's criminal history also does not support a finding that Defendant maintains the ability to come back to court hearings and to follow court orders. Defendant has numerous aliases and has active criminal cases with violations for not obeying both pre-trial and post judgment release conditions. Defendant's Motion for Bail Redetermination also acknowledges that Defendant's ORAS score at the Magistrate's Hearing was a "high risk." (Mot. at 3). Therefore, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community or Defendant's further appearance in court, and the Court must DENY Defendant's Motion for Bail Redetermination at this time.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. A Further Proceedings is set for February 2, 2018 at 9:30 a.m.

**IT IS SO ORDERED,** *nunc pro tunc* **to January 8, 2018, this** ___**JAN 0 9 2018**___ .


_____

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:
___AG's, PDSC___

Date: JAN 1 0 2018  Time: 1125 AM
C-1
Deputy Clerk, Superior Court of Guam

*People v. Siren*
Case No. CF0699-17
Decision and Order